# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYLARK INVESTMENT PROPERTIES, LLC, an Arizona limited liability company,<br><br>                     Plaintiff,<br>vs.<br><br>NAVIGATORS INSURANCE COMPANY, a New York corporation; NIC INSURANCE COMPANY, a business organization of unknown form; and DOES 1 through 10,<br><br>                     Defendants. | CASE NO. 09 CV 1435 JM (BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR REMAND**<br><br>Doc. No. 6 |

Plaintiff Skylark Investment Properties, LLC ("Skylark") initiated this action against Defendants Navigators Insurance Company and NIC Insurance Company (collectively, "Navigators") in the Superior Court of California, County of San Diego on May 18, 2009. (Doc. No. 1, Ex. A, "Compl."). Skylark asserted claims under an insurance policy Navigators issued and which allegedly covers Skylark as an additional insured. (Compl. ¶ 11). After answering, Navigators timely removed the case to this court pursuant to 28 U.S.C. § 1441(b). (Doc. No. 1).

Pending before the court is Skylark's Motion for Remand filed July 31, 2009. (Doc. No. 6). Skylark asserts that a Service of Suit Endorsement contained in the insurance policy contract acts as a mandatory forum selection clause, and therefore

waives Navigators's right to removal. (Doc. No. 6 at 3). The Service of Suit Endorsement, in relevant part, states,

> It is agreed that service of process in suit may be made upon [named agent] and that in any suit instituted against any one of them upon this contract, the Company will abide by the final decision of such Court or of any Appellate Court in the event of an appeal.

(Doc. No. 6, Ex. A at 20). Navigators filed an opposition on August 19, 2009 (Doc. No. 10) and Skylark filed its reply on August 28, 2009 (Doc. No. 11). The court finds this matter suitable for determination on the papers without oral argument. *See* Civ. L.R. 7.1.d.1.

## I. LEGAL STANDARDS

Remand is proper when the parties have agreed to a valid, enforceable, and mandatory forum selection clause. *Pelleport Investors, Inc. v. Budco Quality Theaters, Inc.*, 741 F.2d 273, 281 (9th Cir. 1984); *N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1036 (9th Cir. 1995). A forum selection clause is valid and enforceable unless the resisting party shows that enforcement of the clause would be "unreasonable" under the circumstances. *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *Pelleport*, 741 F.2d at 279. "To be mandatory, a [forum selection] clause must contain language that clearly designates a forum as the exclusive one." *N. Cal. Dist. Council of Laborers*, 69 F.3d at 1037.

## II. DISCUSSION

Navigators does not contend that enforcement of a forum selection clause would be unreasonable under the circumstances of this case. *Cf. Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *Pelleport*, 741 F.2d at 279. Rather, Navigators argues that the Service of Suit Endorsement at issue simply is not a forum selection clause at all, and therefore gives no basis for remand.

Skylark cites *Perini Corp. v. Orion Ins. Co.*, 331 F. Supp. 453 (E.D. Cal. 1971), and *Oil Well Serv. Co. v. Underwriters at Lloyd's London*, 302 F. Supp. 384 (C.D. Cal. 1969), for the proposition that language similar to that contained in the Service of Suit Endorsement constitutes a forum selection clause. In both cases, however, the language

was more comprehensive and less ambiguous than that in the Service of Suit Endorsement. In *Perini*, the full language reads,

> It is agreed that in the event of the failure of the Insurers hereon to pay any amount claimed to be hereunder, the Insurers hereon, at the request of the Assured, will submit to the jurisdiction of any Court of competent jurisdiction within the United States of America and will comply with all the requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.
>
> It is further agreed that service of process in such suit may be made upon [named agent] and that in any suit instituted against any one of them upon this contract, the Insurers will abide by the final decision of such Court or of any Appellate Court, in the event of an appeal.

331 F.Supp. at 454. In *Oil Well*, the full language reads,

> It is agreed that in the event of the failure of Underwriters hereon to pay any amount claimed to be due hereunder, Underwriters hereon, at the request of the Assured (or Reassured), will submit to the jurisdiction of any Court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court. . . . in any suit instituted against any one of them upon this contract, Underwriters will abide by the final decision of such Court or of any Appellate Court in the event of an appeal.

302 F.Supp. at 384. Indeed, both the *Perini* and *Oil Well* courts relied in large measure on the language that is missing from the Service of Suit Endorsement in finding that the language operated as a mandatory forum selection clause. *See Perini*, 331 F. Supp. at 454 (relying on the word "submission"); *Oil Well*, 302 F. Supp. at 385 (relying on the phrase "submit to the jurisdiction"). So, even though the language discussed in both *Perini* and *Oil Well* seems to be a progenitor of the Service of Suit Endorsement, the significant curtailment of the language requires that the court make a fresh interpretation.

The Service of Suit Endorsement does not clearly designate an exclusive forum. *Cf. N. Cal. Dist. Council of Laborers*, 69 F.3d at 1037. The relevant portion of the Endorsement identifies an agent to receive service of process, which is consistent with the title of the Endorsement: Service of Suit. While there are undoubtedly more words than necessary to accomplish this purpose, this ambiguous surplusage does not convert

1 the language into a forum selection clause.  Indeed, what results falls significantly short
2 of the necessary standard: a clear designation of an exclusive forum.  Plaintiff's Motion
3 for Remand is DENIED.

**IT IS SO ORDERED.**

DATED: September 10, 2009

Hon. Jeffrey T. Miller
United States District Judge