# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYLARK INVESTMENT PROPERTIES, LLC, an Arizona limited liability company,<br><br>          Plaintiff,<br><br>     v.<br><br>NAVIGATORS INSURANCE COMPANY; a New York corporation; NIC INSURANCE COMPANY, a business organization of unknown form; and DOES 1 through 10,<br><br>          Defendants. | Case No.: 09cv1435-JM (BLM)<br>(Hon. Jeffrey T. Miller)<br><br>**PROTECTIVE ORDER** |

Having considered the parties' Joint Motion for Protective Order, and good cause appearing,

IT IS ORDERED that the following protective order under Federal Rule of Civil Procedure 26(c) shall govern proceedings in this matter:

1. **Confidential Information.** In the course of these proceedings, the parties are likely to exchange documents and information they deem to be confidential or proprietary ("Confidential Information"). Any party disclosing such information (the "Designating Party") to another party in this action (the "Receiving Party") by any means, including deposition testimony, deposition exhibits, responses to interrogatories, responses to requests for admission, responses to requests for production of documents or things, or informally,

1  shall designate the information as Confidential Information in accordance with paragraph 2 below. The sum, substance, or contents of Confidential Information, as well as all notes, abstracts, summaries, and memoranda containing or incorporating Confidential Information, shall be treated as if they were themselves Confidential Information and shall not be disclosed or made accessible to anyone other than those persons who qualify to receive such information under this Order, provided, however, that nothing in this Order shall preclude any party from attending a deposition or court proceeding. Any limitations imposed by this Order shall not govern the use of Confidential Information at trial. The use of Confidential Information at trial shall be governed, if at all, by further order. If the Court does not issue a further order, then the parties are free to use Confidential Information at trial as they would any other evidence, subject only to any relevant law, rule, or ruling by the Court.

2. **Designation of Confidential Information.** Any party or third party disclosing Confidential Information shall designate the information as Confidential Information in the following manner:

   a. All documents and items produced that contain any Confidential Information shall be labeled "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER." This label shall be placed on every page of each document so designated. If data are produced in an electronic medium, those data may be designated as "CONFIDENTIAL— SUBJECT TO PROTECTIVE ORDER" by placing the appropriate confidentiality designation on a conspicuous label on the storage device (*e.g.*, CD-ROM, DVD) containing those data.

   b. With respect to depositions, any party may designate a deposition transcript or a deposition exhibit (not previously designated as such) as "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" with a statement to such effect on the record during the course of the deposition. Whenever such a designation is made during a deposition, the transcripts and designated exhibits from the deposition shall be deemed Confidential Information for ten (10) court days after receipt of a copy of the deposition transcript and exhibits by counsel of record for the Designating Party provided the Designating Party orders

1  such transcript within three court days of the conclusion of each day on which testimony is
2  given. Within that ten (10) court day period, the Designating Party shall designate by page
3  and line description or exhibit description those specific portions of the transcript or exhibits
4  that shall be deemed "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" and
5  provide such designations to the other parties. If no such specific designations are made
6  within the ten (10) court day period, or if the Designating Party fails to order the transcript as
7  indicated above, the transcript or exhibits from the deposition shall be deemed not to contain
8  Confidential Information as that term is used in this Order. If portions of the transcript or
9  exhibits are designated, pursuant to this paragraph, as "CONFIDENTIAL SUBJECT TO
10 PROTECTIVE ORDER," a confidentiality legend shall be placed on the original and each
11 copy of the designated exhibits and each designated page of the transcript containing
12 Confidential Information.

13        3.    **Purpose of Classification.** The designation "CONFIDENTIAL SUBJECT
14 TO PROTECTIVE ORDER" means that the Designating Party contends that: (a) the
15 information lends it a competitive advantage over others who do not know or possess such
16 information, and is not generally known to competitors or to others in the party's trade or
17 business, and (b) the Designating Party has taken reasonable steps to protect the
18 confidentiality of the information. The term also refers to information that the Designating
19 Party contends in good faith would create an appreciable risk of material harm (including,
20 without limitation, harm to tax or other privacy interests) to the Designating Party, or to
21 someone who works for or is related to someone who works for the Designating Party, or to a
22 third party to whom the Designating Party owes an obligation of confidentiality, if it were
23 disclosed without the protection of this Order. The term also refers to information as to
24 which the Designating Party contends there are good faith, legitimate, non-litigation business
25 reasons for placing limits on its distribution and access.

26        By designating information as "CONFIDENTIAL – SUBJECT TO PROTECTIVE
27 ORDER," the Designating Party is certifying to the Court that there is a good faith basis in
28

1  both law and in fact for the designation within the meaning of Federal Rule of Civil
2  Procedure 26(g).

3      4.   **Experts.**  "Expert" means any person retained or specially employed by any
4  party, or that party's attorney, in anticipation of this litigation or preparation for trial, whether
5  or not the person is expected to be called as a witness at trial.

6      5.   **Restrictions on Disclosure of Confidential Information.**  Confidential
7  Information disclosed by a Designating Party and designated "CONFIDENTIAL SUBJECT
8  TO PROTECTIVE ORDER" may be disclosed by the Receiving Party only to the following
9  persons (the "Qualified Person[s]"):

10        a.   Outside counsel of record for any party, including all attorneys of the
11  counsel's law firm and all employees operating under the direct supervision of such
12  attorneys;

13        b.   Court personnel, including stenographic reporters and certified
14  videotape operators, engaged in those proceedings that are a necessary incident to the trial or
15  preparation of this action for trial;

16        c.   The parties and the parties' employees, provided that such employees
17  shall be bound by the terms of this Order with respect to such Confidential Information;

18        d.   A deposition witness.  Such witness shall be bound by the terms of this
19  Order with respect to such Confidential Information so long as the party claiming
20  confidentiality notifies the witness and promptly provides the witness with a copy of this
21  Order; in such circumstances, the deposition witness shall not be permitted to remove any
22  copies of Confidential Information from the deposition;

23        e.   Such other persons as may be properly qualified to receive Confidential
24  Information pursuant to later order of this Court or the provisions of paragraph 6 below.

25      6.   **Experts as Qualified Persons.**

26        a.   Experts (including necessary staff) may become Qualified Persons
27  under this Order if such Expert executes a copy of the accompanying statement (Attachment
28

A) stating that such person has read this Order, agrees to be bound by all of its terms and conditions, and agrees to be subject to this Court's jurisdiction.

   b. Nothing in this Order shall constitute or be deemed to constitute a waiver or establishment of any right under Federal Rule of Civil Procedure 26 or otherwise to subject any Expert to discovery or depositions beyond what the Federal Rules of Civil Procedure permit.

 7. **Restrictions on Use of Confidential Information.**  All Confidential Information produced during discovery may be used solely for purposes of this litigation. Confidential Information may also be used by a Receiving Party to comply with legal obligations, but if such compliance requires the disclosure of Confidential Information to a third party who is not a Qualified Person, the party who seeks to disclose such information shall provide reasonable advance notice of such intended disclosure to the Designating Party. If the Designating Party provides written objections to such disclosure of Confidential Information, the Receiving Party shall not disclose the Confidential Information absent Court approval.  Confidential Information produced during discovery shall not otherwise be disclosed to or made accessible to any person who is not a Qualified Person without a Court order or the prior written consent of the party or other person originally causing the document or documents containing such information to be identified as confidential.

 8. **Filing**.  If Confidential Information is filed with the Court, the filing party shall comply with all Court Rules relating thereto, including United States District Court, Southern District of California, Civil Local Rule 79.2(c), which requires the filing party to obtain a separate order from the Court sealing the particular documents sought to be filed.  Upon obtaining such order, the document shall be filed under seal and shall remain sealed while in the office of the Clerk so long as it retains its status as Confidential Information.  Any document filed under seal pursuant to this Order shall, unless otherwise directed by the Court, be placed in an opaque, sealed envelope upon which the title of the action, the contents and a statement in substantially the following form shall be endorsed:

> CONFIDENTIAL:  This envelope contains sealed documents
> that are subject to a protective order entered by the Court in
> this action governing use of confidential discovery material.

Any Court filing to which Confidential Information is attached as exhibits or appendices, or that quotes from Confidential Information, shall be filed under seal.

Documents filed under seal will be returned to the party submitting them upon entry of the final judgment or termination of the appeal, if any, unless otherwise ordered by the Court.

9. **Responses to Interrogatories and Requests for Admissions**.  If responses to discovery requests are filed with the Court and have been designated as Confidential Information, such responses shall be filed under seal as provided in paragraph 8 of this Order.

10. **Objections to Designations of Confidential Information.**  Any party to whom Confidential Information is disclosed may at any time object to such designation (the "Objecting Party") and should it be unable to resolve the matter informally with the Designating Party, then it shall be the burden of the party refusing to remove the confidentiality designation to submit the dispute to the Court for resolution by way of formal motion for a protective order within ten court (10) days of receipt of a written demand by the Objecting Party.  Until the motion is ruled upon by the Court, the information designated by the Designating Party shall retain its designation and thereafter shall be designated as the Court's ruling may direct.  On any motion brought before the Court, the burden of proof and persuasion shall be on the party asserting confidentiality to demonstrate that the information should be protected from disclosure without regard to whether the Objecting Party previously abided by or acquiesced to the designation of confidentiality, and further provided that the designations and/or definitions contained in Paragraph 3 above shall not be asserted as the basis or test for the claimed confidentiality merely as a result of the inclusion of such provisions in this Order or related Stipulation.  Failure by the party refusing to remove the confidential designation to submit the matter to the Court within the ten-day period described

above shall be deemed to be acquiescence to the objection and a waiver of the confidentiality designation for all remaining proceedings.

11.  **Inadvertent Non-Designation.**  The failure of a party to designate information produced in discovery as Confidential Information at the time of its production shall not preclude that party from later designating the information as confidential by promptly notifying counsel of record of that designation, provided, however, that the disclosure of such document by any other party prior to such later designation shall not be deemed a violation of this Order.  The failure of any party to challenge the designation of information as Confidential Information at the time of its disclosure shall not be deemed a waiver of its right to challenge the propriety of such designation at a later time.

12.  **List of Qualified Persons.**  Counsel of record shall maintain a list of the names of all non-testifying consulting experts and other Qualified Persons to whom Confidential Information has been disclosed by such counsel.  After the conclusion of this litigation, including exhaustion of all rights of appeal or review, counsel of record shall deliver this list to opposing counsel of record upon written request.

13.  **Termination of Action.**  Upon the final determination of this action, whether by trial, appeal, settlement or other disposition, counsel of record for each party who has received any Confidential Information produced in discovery in this action shall assemble and destroy all such confidential materials, including copies that are in the possession of any Qualified Person and all copies retained on computer tapes, diskettes or other electronic media, within sixty (60) days of the final determination.  Counsel of record shall certify in writing that all such materials and information have been destroyed.  Notwithstanding the foregoing, all materials constituting the work product of counsel that contain Confidential Information obtained from any other party may be retained by that counsel so long as the Confidential Information is kept confidential.

14.  **New Parties.**  In the event additional individuals or entities become parties to this litigation, they shall not have access to, nor shall any existing party produce to them, any confidential documents until the newly added parties, by counsel, have signed and filed a

stipulation agreeing to be bound by this Order or until a further order is entered permitting them to have access to such documents.

15. **Continuing Jurisdiction.**  This Court retains jurisdiction to amend, modify or add to this Order while this action is pending.  Any party may apply to the Court for amendment or modification of or addition to this Order at any time, or for any other order authorized by Federal Rule of Civil Procedure 26(c).

16. **Scope of Order.**  Any non-party to this action who shall be called upon to make discovery or to provide deposition or other testimony shall be entitled to avail itself of the provisions and protections of this Order by signing an agreement to be bound by this Order, and, by doing so, assumes the duties and obligations imposed by this Order.

17. **Survival of Order.**  This Order shall survive the final determination of this action and shall remain in full force and effect after the conclusion of all proceedings.

18. **Order is not Evidence.**  The Court is entering this Order to facilitate discovery and the production of relevant evidence in this action.  Neither the entry of this Order, nor the designation of any information, document, or the like as "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

19. **Inadvertently Produced Information.**  The inadvertent production of information, or the inadvertent failure to designate such information as Confidential Information, will not be deemed to constitute a waiver of any common law or statutory attorney-client privilege, work-product immunity, or any other privilege or immunity that would otherwise attach to such information.  Upon the assertion of a claim of privilege or immunity as to information that has already been produced, the party who received the information shall promptly return it or, alternatively, sequester it until the claim is resolved.  Any party may promptly present the information to the Court under seal for a determination of the claim, in which event the party making the claim of privilege or immunity shall have the burden of proof and persuasion.

1   20.   **Information Already Known.**  The parties agree, without limitation, that the
2   restrictions of this order shall not apply to information that:
3        a.   at or before production, is or was in the public knowledge and/or is or
4   was part of records in the public domain or generally available to the public;
5        b.   after production, becomes public knowledge other than by act or
6   omission of the Receiving Party;
7        c.   was or is obtained from a source or sources other than the party who
8   designated the information as confidential, provided that the Receiving Party did not obtain
9   the information (1) by violating a duty owed to the Designating Party or (2) by knowingly
10  assisting or encouraging a third party to violate a duty that the Receiving Party knew was
11  owed by the third party to the Designating Party at the time the Receiving Party obtained the
12  information;
13       d.   the Receiving Party lawfully possessed before the entry of this Order; or
14       e.   prior to the entry of this Order, the Designating Party failed to take
15  reasonable steps to protect the confidentiality of the information.

17  DATED: November 13, 2009                _____
                                              Hon. Barbara L. Major
18                                            United States Magistrate Judge

## ATTACHMENT A

## NONDISCLOSURE AGREEMENT

I, _____ (Print Name), do solemnly swear that I am fully familiar with the terms of the Protective Order entered in *Skylark Investment Properties, LLC v. Navigators Insurance Company, et al.*, Case No. 09cv1435-JM (BLM), in the United States District Court for the Southern District of California, and agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further order of this court.  I consent to the jurisdiction of this court for purposes of enforcing this Order.

DATE: _____, 2009

_____
(Signature)

N:\CLIENTS\Skylark Investment\Navigators Insurance 2202-6\Pleadings\Protective Order 10 21 09 sl.doc